A CERTIFIED TRUE COPY
ATTEST

By Jakeia R. Mells on Feb 02, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 2-2-2010
ATTEST: Tom Dempsey
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 02, 2010

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

MDL No. 875

C 09-5106 JCS

TRANSFER ORDER

FILED
FEB - 8 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Before the entire Panel**[*]: Defendant Haskell Corp. in an action pending in the Western District of Washington, and plaintiffs in actions pending in the Northern District of Alabama and the Northern District of California, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the

---

[*] Judges Heyburn and Hansen took no part in the disposition of this matter. Judge Trager participated only in the disposition of the Northern District of California action.

[1] CBS Corp. and Garlock Sealing Technologies, LLC (as to the Northern District of Alabama action); Metalclad Insulation Corp. (as to the Northern District of California action); and Lockheed Martin Shipbuilding Co. (as to the Western District of Washington action).

[2] Movants all argue that the Panel should deny or defer transfer of their respective actions in order to permit the resolution of motions for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5,
(continued...)

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of January 29, 2010, (1) over 110,000 actions have been closed in the transferee district, and (2) over 1,400 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby remand is available with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*  Kathryn H. Vratil
David R. Hansen*                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.           David G. Trager*

---

²(...continued)
R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should await presentation to the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)     MDL No. 875

## SCHEDULE A

### Northern District of Alabama

Charles Corley, et al. v. Long-Lewis, Inc., et al., C.A. No. 2:09-1812

### Northern District of California

Myrtes Faye Kollar, et al. v. Metalclad Insulation Corp., et al., C.A. No. 3:09-5106

### Western District of Washington

Sieann M. Zoeger, etc. v. Saberhagen Holdings, Inc., et al., C.A. No. 2:09-1457

MICHAEL E. KUNZ
CLERK'S OFFICE
CLERK OF COURT

ROOM 2609
(267) 299-7018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURT HOUSE
601 MARKET STREET
PHILADELPHIA 19106-1797

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION
MDL 875

Dear Clerk:

The enclosed certified copy of a Transfer Order from the Judicial Panel is being sent to you regarding the involved action(s) listed on the attached schedule included in this mailing. These case(s) have been properly identified as multi district litigation asbestos cases.

**\*\*PLEASE DO NOT FORWARD ANY OF THE RECORD OR ANY DOCUMENTS TO OUR COURT. WE ALSO DO NOT NEED A COPY OF THE DOCKET OR THIS ORDER RETURNED TO OUR COURT.\*\***

This copy is information for your court's records. We will extract your case from the pacer website; you are not required to forward any documents from your court's records. We are in the process of assigning new case numbers and all future docketing will be conducted in our court. A Transfer Order and Case Log will be sent to your Clerk. If you have any questions please contact me at (267) 299-7018.

Sincerely,

MICHAEL E. KUNZ
Clerk of Court

Tom Dempsey

Tom Dempsey
MDL Docketing Clerk

Enclosure